UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| Larna L. Kelley, | ) |
|     Plaintiff, | ) ) ) |
| v. | ) Case No.: 1:14-cv-892 ) Plaintiff Demands Jury Trial |
| HSBC Bank USA, National Association, Bank of America, National Association, Equifax Information Services, LLC, Experian Information Solutions, Inc., and Trans Union, LLC, | ) ) ) ) ) ) |
|     Defendants. | ) |

## COMPLAINT

**COMES NOW** Plaintiff, by and through the undersigned counsel, and would show unto this Honorable Court as follows:

### PRELIMINARY STATEMENT

1. This petition is an action for actual and statutory damages, along with injunctive and declaratory relief, brought by an individual consumer against Defendants for their violations of the Fair Credit Reporting Act, 15 U.S.C. §1681, *et seq.* (hereinafter referred to as "FCRA").

2. In addition, Plaintiff seeks actual, compensatory and punitive damages under Alabama state law pursuant to this Court's pendent and supplemental jurisdiction.

### JURISDICTION AND VENUE

3. Jurisdiction of this Court arises under the FCRA, 15 U.S.C. §1681p, 28 U.S.C. §1331, and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. §1367. Declaratory

relief is available pursuant to 28 U.S.C. §§2201 and 2202. Defendants' violations of Plaintiff's rights, as alleged herein, occurred in Houston County, Alabama, and were committed within the Southern Division of the United States District Court for the Middle District of Alabama.

## PARTIES

4. Plaintiff, **Larna L. Kelley**, is a natural person and a resident and citizen of Houston County, the State of Alabama, and of the United States. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. §1681a(c).

5. Defendant, **Experian Information Solutions, Inc.** (hereinafter referred to as "Experian" or "Defendant"), is a foreign corporation licensed to do business within the State of Alabama. Experian is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

6. Defendant, **Equifax Information Services, LLC** (hereinafter referred to as "Equifax" or "Defendant"), is a foreign corporation licensed to do business within the State of Alabama. Equifax is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

7. Defendant, **Trans Union, LLC** (hereinafter referred to as "Transunion" or "Defendant"), is a foreign corporation licensed to do business within the State of Alabama. Transunion

is a consumer reporting agency, as defined in section 1681a(f) of the FCRA, regularly engaged in the business of assembling, evaluating, and dispersing information concerning consumers for the purpose of furnishing consumer reports, as defined in section 1681a(d) of the FCRA, to third parties.

8. Defendant, **Bank of America, National Association** (hereinafter referred to as "BOA" or "Defendant"), is a foreign corporation engaged in the business of furnishing consumers with credit in the State of Alabama. BOA is a financial institution as that term is defined within 1681a(t) of the FCRA.

9. Defendant, **HSBC Bank USA, National Association** (hereinafter referred to as "HSBC" or "Defendant"), is a foreign corporation engaged in the business of furnishing consumers with credit in the State of Alabama. HSBC is a financial institution as that term is defined within 1681a(t) of the FCRA.

## FACTUAL ALLEGATIONS

10. Plaintiff restates and reiterates herein all previous paragraphs.

11. On or around January 2, 2006, Plaintiff was traveling on Oporto Madrid Boulevard in Birmingham, Alabama when her 2002 Ford Expedition experienced a mechanical issue.

12. Plaintiff pulled her vehicle alongside the road, called for a relative to come for Plaintiff, and also called for a towing service to remove the vehicle to a repair facility.

13. Upon its arrival, the tow truck realized that the vehicle was not at the aforesaid location and contacted Plaintiff with that information.

14. Plaintiff completed and incident report with the City of Birmingham Police Department regarding the aforesaid sequence of events.

15. Unfortunately, Plaintiff had personal identifying information within the vehicle at the time and has since suffered multiple incidents of identity theft.

16. Specifically, multiple accounts have been opened using Plaintiff's identity with various lenders including, but not limited to, BOA, HSBC, Capital One Bank (USA), N.A., and Discover Financial Services.

17. Upon learning that her identity had been used to open accounts with the aforementioned lenders, Plaintiff completed Identity Theft Affidavits and submitted the same to the Police Department for the City of Birmingham, the Sheriff for Houston County, to each Defendant, and to each lender identified herein above.

18. Plaintiff forwarded a series of dispute letters to the aforementioned lenders (BOA, HSBC, Capital One Bank (USA), N.A., and Discover Financial Services) and to the credit reporting agencies (Equifax, Experian and Transunion) in an effort to have the accounts associated with the theft of her identity removed from her credit disclosure files. Along with said dispute letters, Plaintiff provided such information as a copy of her driver's license and copies of utility statements to verify her position.

19. As a result of said dispute letters:

    a. Equifax stated that two of the subject accounts (HSBC Gateway and Capital One Bank (USA), N.A.) were not being reported within Plaintiff's credit disclosure file; however, Equifax refused to remove the inaccurate information reflected within the HSBC account (a charge-off with balance) by taking the position that the account belongs to Plaintiff;

    b. Experian updated two of the subject accounts (HSBC Gateway and Capital One

        Bank (USA), N.A.) that were being reported within Plaintiff's credit disclosure file; however, Experian refused to remove the inaccurate information reflected within the HSBC account (a charge-off with a balance) and within the BOA account (a charge-off with a balance); and

    c.    Transunion updated one of the subject accounts (HSBC Gateway) that was being reported within Plaintiff's credit disclosure file; however, Transunion refused to remove the inaccurate information reflected within the HSBC account (a charge-off with a balance) and within the BOA account (a charge-off with a balance).

20.    Defendants, BOA and HSBC have intentionally and maliciously failed and/or refused to accurately report the subject accounts as having been the result of identity theft and to notify the credit reporting agencies that such accounts were opened as the result of identity theft.

21.    Defendants, BOA and HSBC, have proximately caused Plaintiff past and future monetary loss, past and future damage to Plaintiff's credit and credit worthiness, past and future mental distress and emotional anguish, and other damages which Plaintiff will present to the jury.

22.    Defendants, BOA and HSBC, have promised, through their subscriber agreements or contracts with the credit reporting agencies, to update accounts that have been instituted by identity theft but have willfully, maliciously, recklessly, wantonly, and/or negligently failed to follow this requirement as well as the requirements set forth under the FCRA, federal law and state law which has resulted in this information remaining on Plaintiff's credit disclosure files.

23. Defendants, BOA and HSBC, have agreed to and understand they must follow the requirements of the FCRA including:

   a) 15 U.S.C. §1681(a)(1)(a) which states, "[a] person shall not furnish any information relating to a consumer to any consumer reporting agency if the person knows or has reasonable cause to believe that the information is inaccurate."

   b) 15 U.S.C. §1681(a)(1)(B) which states, "[a] person shall not furnish information relating to a consumer to any consumer reporting agency if -

   (i) the person has been notified by the consumer[1], at the address specified by the person for such notices, that specific information is inaccurate; and

   (ii) the information is, in fact, inaccurate."

   c) 15 U.S.C. §1681(a)(2) which states, "[a] person who -

   (A) regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies about the person's transactions or experiences with any consumer; and

   (B) has furnished to a consumer reporting agency information that the person determines is not complete or accurate,

   shall promptly notify the consumer reporting agency of that determination and provide to the agency any corrections to that information, or any additional information, that is necessary to make the information provided by the person to the agency complete and accurate, and shall not thereafter furnish to the agency

---

[1] Notice in the instant case results from Plaintiff's various and relentless letters to Defendants.

any of the information that remains not complete or accurate."

24. Plaintiff's credit disclosure files have been accessed since the inaccurate information has been reported by Defendants, BOA and HSBC, and accordingly, the inaccurate information has been published to third-parties.

25. Defendants, BOA and HSBC, have demonstrated a practice of maliciously, willfully, recklessly, wantonly, and/or negligently violating, ignoring, and refusing to follow the requirements of the FCRA, federal law and state law as is relative to Plaintiff.

26. All actions taken by employees, agents, servants, or representatives of any type for Defendants, BOA and HSBC, were taken in the line and scope of such individuals' (or entities') employment, agency, or representation.

27. The actions of Defendants, BOA and HSBC, were malicious, wanton, reckless, intentional or willfull, and performed with either the desire to harm Plaintiff, and/or with the knowledge that their actions would very likely harm Plaintiff, and/or that their actions were taken in violation of the law.

28. Defendants, BOA and HSBC, have engaged in a pattern and practice of wrongful and unlawful behavior with respect to accounts and consumer reports which subjects them to punitive and statutory damages, and all other appropriate measures to punish and deter similar future conduct.

29. The actions, omissions, misrepresentations, and violations of the FCRA, federal law, and state law of Defendants, BOA and HSBC, regarding Plaintiff's alleged debts, as described herein, constitute harassment which has resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff, proximately causing Plaintiff to suffer

severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same.

30. Defendants, Experian, Equifax and Transunion, have intentionally, wantonly and recklessly failed and/or refused to verify the accuracy of the information they have published and continue to publish in Plaintiff's credit disclosure files.

31. The intentional, reckless, and willful violations of the FCRA, federal law and state law of Defendants, Experian, Equifax and Transunion, have resulted in the negligent and intentional infliction of mental and emotional distress upon Plaintiff proximately causing Plaintiff to suffer severe mental distress, mental and physical pain, embarrassment, and humiliation which Plaintiff will in the future continue to suffer the same. Further, Plaintiff has been denied credit as a direct and proximate result of the effects of the inaccurately reported information.

## COUNT ONE
## DEFENDANTS BOA AND HSBC
## VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681, *et seq.*

32. Plaintiff restates and reiterates herein all previous paragraphs.

33. In the entire course of their actions, Defendants, as furnishers of information, willfully, wantonly and/or negligently violated the provisions of the FCRA in the following respects:

   a) By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. §1681s-2(a), to wit, reporting information with actual knowledge of the information's inaccuracy, reporting information after notice and confirmation of

        the information's inaccuracy, failing to update and/or correct previously reported information determined to be inaccurate or incomplete, and/or failing to provide notice of dispute regarding the inaccurately reported information;

    b)    By willfully and/or negligently failing to fulfill their duties as listed within section 15 U.S.C. §1681s-2(b), to wit, failing to conduct a reasonable investigation with respect to the information disputed by Plaintiff, failing to review all relevant information provided by Plaintiff, and/or failing to modify, delete and/or permanently block information relating to the subject accounts as said accounts are being reported within Plaintiff's credit disclosure files.

    c)    By willfully and/or negligently failing to comport with investigation procedures listed within 15 U.S.C. §1681i(b);

    d)    Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

    e)    Invading the privacy of Plaintiff; and

    f)    Failing in their duty to prevent foreseeable injury to Plaintiff.

34.    The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly and/or in gross reckless disregard of the rights of Plaintiff.

35.    The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

36.    As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual

damages, statutory damages, and costs and attorney's fees under the FCRA.

## COUNT TWO
## DEFENDANTS EQUIFAX, EXPERIAN AND TRANSUNION VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
## 15 U.S.C. §1681, *et seq.*

37. Plaintiff restates and reiterates herein all previous paragraphs.

38. In the entire course of their actions, Defendants willfully, wantonly and/or negligently violated the provisions of the FCRA in the following respects:

   a) By willfully and/or negligently failing, in the preparation of the credit disclosure files of Plaintiff, to follow reasonable procedures to assure maximum possible accuracy of the information in the reports as required by 15 U.S.C. §1681e(b);

   b) By willfully and/or negligently failing to comport with investigation procedures listed within 15 U.S.C. §1681i;

   c) Defaming Plaintiff by publishing to third parties false information regarding Plaintiff's creditworthiness;

   d) Invading the privacy of Plaintiff; and

   e) Failing in their duty to prevent foreseeable injury to Plaintiff.

39. The foregoing acts and omissions were undertaken by Defendants willfully, intentionally, and knowingly and/or in gross reckless disregard of the rights of Plaintiff.

40. The foregoing acts and omissions of Defendants constitute numerous and multiple violations of the FCRA, 15 U.S.C. § 1681, *et seq.*

41. As a result of the above violations of the FCRA, Defendants are liable to Plaintiff for a declaratory judgment that Defendants' conduct violated the FCRA, and Plaintiff's actual

damages, statutory damages, and costs and attorney's fees under the FCRA.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against each and every Defendant, jointly and severally, by this Court for the following:

a) Enter injunctive and corresponding declaratory relief establishing the foregoing conduct of Defendants to be unlawful, enjoining Defendants from continuing to engage in such conduct, and granting such additional equitable relief as may be appropriate;

b) Award to Plaintiff and against Defendants, jointly and severally, actual damages;

c) Award to Plaintiff and against Defendants, jointly and severally, punitive damages;

d) Award to Plaintiff and against Defendants, jointly and severally, statutory damages;

e) Award to Plaintiff and against Defendants, jointly and severally, reasonable attorney's fees and costs of this litigation; and

f) Grant such other and further relief as this Honorable Court deems just and proper.

**RESPECTFULLY SUBMITTED** this 25th day of August, 2014.

```
_____
ANTHONY B. BUSH
Attorney for Plaintiff
```

OF COUNSEL:
The Bush Law Firm, LLC
529 South Perry Street, Suite 22
Montgomery, Alabama 36104
334/263-7733

334/832-4390 [fax]
E-mail: anthonybbush@yahoo.com

**THE DEFENDANTS MAY BE SERVED AT THE FOLLOWING ADDRESSES:**

BANK OF AMERICA, NATIONAL ASSOCIATION
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36109

HSBC Bank USA, National Association
c/o CT Corporation System
350 North St. Paul Street, Suite 2900
Dallas, Texs 75102-4234

EXPERIAN INFORMATION SOLUTIONS, INC.
c/o C T Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104

EQUIFAX INFORMATION SERVICES, LLC
c/o CSC Lawyers Incorporating Service, Inc.
150 S. Perry Street
Montgomery, Alabama 36104

TRANS UNION, LLC
c/o Prentice-Hall Corporation System, Inc.
57 Adams Avenue
Montgomery, Alabama 36104